UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01893-FWS-KES                              Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:               Attorneys Present for Defendants:

    Not Present                                                                     Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [23]**

Before the court is Plaintiffs Jerry Jamgotchian and Theta Holding I, Inc.'s (collectively, "Plaintiffs") Motion for Preliminary Injunction. (Dkt. 23 ("Motion" or "Mot.").) Defendants Gregory L. Ferraro, Oscar Gonzales, Dennis Alfieri, Damascus Castellanos, Brenda Davis, Thomas C. Hudnut, Wendy Mitchell, Kim Sawyer, Luis Jauregui, and Rich Williams (collectively, "Defendants"), filed an Opposition to the Motion. (Dkt. 26 ("Opposition" or "Opp.").) Plaintiffs filed a Reply, (Dkt. 29 ("Reply")), and a Request for Judicial Notice, (Dkt. 30 ("RJN")). The court held oral argument on this matter on January 26, 2023, and then took the matter under submission. (Dkt. 33.) Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

### I.    Relevant Background

Plaintiffs are the owners of a three-year-old thoroughbred horse named Malpractice Meuser ("Horse"). (Dkt. 20 ("FAC") ¶ 9.) Plaintiff Jerry Jamgotchian is an individual residing in the State of California. (*Id.* ¶ 4.) Plaintiff Theta Holding I, Inc. is a corporation registered to do business in California. (*Id.* ¶ 5.)

Defendants Gregory L. Ferraro, Oscar Gonzales, Dennis Alfieri, Damascus Castellanos, Brenda Davis, Thomas C. Hudnut, and Wendy Mitchell are members of the California Horse Racing Board ("CHRB"). (*Id.* ¶ 7.) CHRB has "jurisdiction and supervision over meetings in

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES            Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

___

[California] where horse races with wagering on their results are held or conducted, and over all persons or things having to do with the operation of such meetings." Cal. Bus. & Prof. Code § 19420. (*See also* FAC ¶ 7.) CHRB's responsibilities include, but are not limited to, the following:

> (1) Adopting rules and regulations for the protection of the public and the control of horse racing and parimutuel wagering.
>
> (2) Administration and enforcement of all laws, rules, and regulations affecting horse racing and parimutuel wagering.
>
> (3) Adjudication of controversies arising from the enforcement of those laws and regulations dealing with horse racing and parimutuel wagering.
>
> (4) Licensing of each racing association and all persons, other than the public at large, who participate in a horse racing meeting with parimutuel wagering.
>
> (5) Allocation of racing dates to qualified associations in accordance with law.

Cal. Bus. & Prof. Code § 19440(a). In addition, CHRB "may delegate to stewards appointed pursuant to Article 5 [of the Cal. Bus. & Prof. Code] . . . any of its powers and duties that are necessary to carry out fully and effectuate the purposes of this chapter." *Id.* § 19440(b).

       Defendants Kim Sawyer, Luis Jauregui, and Rich Williams are members of the Los Alamitos Board of Stewards ("Board of Stewards"). (FAC ¶ 5.) The Board of Stewards has "general authority and supervision over all licensees and other person attendant on horses, and also over the inclosures of any recognized meeting." Cal. Code Regs. tit. 4, § 1527. The Board of Stewards is also "strictly responsible to the Board for the conduct of the race meeting in every particular." *Id.* The FAC asserts that during the relevant time periods, both the CHRB

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES                                                                 Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

_____

and Board of Stewards members were acting in their official, or, alternatively, individual, capacities in performing the alleged actions. (FAC ¶ 7.)

On June 15, 2022, Plaintiffs attempted to enter the Horse in a thoroughbred race at Los Alamitos Race Course. (*Id.* ¶ 16.) On July 1 and July 2, 2022, the Los Alamitos Board of Stewards denied Plaintiffs' request because the Horse was not registered with the Jockey Club of New York ("Jockey Club"), as required by California Business and Professions Code § 19416 and California Code of Regulations tit. 4, § 1588(a)(1). (*Id.* ¶ 17.) Section 19416 defines a "thoroughbred horse" as "any horse (including mare, gelding, colt, and filly) that meets the requirements of and is registered by the Jockey Club of New York, including racing permits issued to foreign thoroughbred horses." Cal. Bus. & Profs. Code § 19416. Regulation tit. 4, § 1588(a)(1) similarly provides that "a [thoroughbred] horse is ineligible to start in any race if such horse is not registered by the Jockey Club . . . ." Cal. Code Regs. tit. 4, § 1588(a)(1).

The Jockey Club is a privately run organization that maintains the *American Stud Book*, which governs thoroughbred standards in the United States; the corresponding *Principal Rules and Requirements of the American Stud Book*; and the United States thoroughbred registry.[1] The Jockey Club relies on the *Principal Rules and Requirements of the American Studbook* in approving and rejecting thoroughbred names. (*See* Dkt. 23, Exh. 2-C at 6.)

Plaintiffs attempted to obtain a certificate of registration for the Horse from the Jockey Club in 2021, but the Jockey Club denied Plaintiffs' request on the grounds that the Horse's name was disparaging in violation of *Principal Rules and Requirements of the American Studbook* Rule 6.F.11 ("Rule 6.F.11").[2] (*Id.* ¶¶ 29-30.) Rule 6.F.11 prohibits "[n]ames that

_____

[1] *See History of the Jockey Club*, https://jockeyclub.com/Default.asp?section=About&area=0.
[2] The court notes that in the most recent iteration of the rules, the 2023 *Principal Rules and Requirements of the American Stud Book*, this rule was renumbered as Rule 6.F.9.e. *See American Stud Book Principal Rules and Requirements*, http://www.registry.jockeyclub.com/RegistryIncludes/pdfs/rule_book.pdf. However, because Plaintiffs refer to and attach to the Motion a prior iteration of the American Stud Book Rules,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES             Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

appear to be designed to harass, humiliate, or disparage a specific individual, group of individuals, or entity." (*Id.*)

On July 4, 2022, Plaintiffs timely appealed the Los Alamitos Board of Stewards' decision to CHRB and requested a stay of the decision pending resolution of that appeal. (*Id.* ¶ 19.) CHRB denied the request for a stay on July 5, 2022. (*Id.*) CHRB later held a hearing on the matter on July 20, 2022, before a hearing officer. (*Id.* ¶ 20.) The Hearing Officer issued a proposed decision on August 29, 2022, and CHRB adopted the proposed decision on September 15, 2022. (*Id.*) Plaintiffs did not seek judicial review of the administrative decision pursuant to a writ of mandamus under California Code of Civil Procedure § 1094.5. (*Id.* ¶ 19; Opp. at 4.) *See also* Cal. Civ. Proc. Code § 1094.5(a).

Plaintiffs initiated this action on October 17, 2022. (*See* Dkt. 1.) Plaintiffs filed a First Amended Complaint on December 15, 2022. (Dkt. 20.) Plaintiffs then filed the Motion on December 27, 2022. (Dkt. 23.) Defendants opposed the Motion on January 5, 2022. (Dkt. 26.) Plaintiffs replied and filed a request for judicial notice and objections to Defendants' evidence on January 11, 2022. (Dkt. 29.) The court held oral argument on this matter on January 26, 2023, and then took the matter under submission. (Dkt. 33.) The court subsequently ordered supplemental briefing on the issue of collateral estoppel on February 1, 2023. (Dkt. 34.) Both Plaintiffs and Defendants submitted supplemental briefing on February 3, 2023. (*See* Dkts. 37, 38.)

## II.     Request for Judicial Notice

Plaintiffs request that the court take judicial notice of the Jockey Club's online list of registered names. (RJN at 2.) Under Federal Rule of Evidence 201, the court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts cannot take judicial notice of facts subject to

---

the court will refer to this rule by its previous numbering, as Rule 6.F.11. (*See* Dkt. 23, Exh. 2-C at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES　　　　　　　　　　　　Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Twombly*, 550 U.S. at 555 n.11 ("Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

　　For example, "courts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (citations and internal quotation marks omitted). Additionally, courts "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment," if the material is "physically attached to the complaint." *Lee*, 250 F.3d at 688 (citations and internal quotation marks omitted). "But a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

　　The court declines to take judicial notice of Exhibit 1 because the court need not rely on the exhibit to decide the Motion. *See Gerritsen v. Warner Bros Ent. Inc.*, 112 F. Supp. 3d 1011, 1026-30 (C.D. Cal. 2015) (declining to take judicial notice of documents irrelevant to motion to dismiss); *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1090 (C.D. Cal. 2015) (declining to incorporate by reference documents because the "court need not consider the exhibits to grant [the] requested relief"). The court thus **DENIES** Plaintiffs' Request for Judicial Notice of Exhibit 1.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES　　　　　　　　　　　　　　Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

### III.　Legal Standard

"A preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  Generally, a plaintiff seeking a preliminary injunction must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* (quoting *Winter*, 555 U.S. at 20) (alterations in original).

The plaintiff's burden under the first *Winter* factor "is doubly demanding" where, as here, a plaintiff "seeks a mandatory injunction" because the plaintiff "must establish that the law and facts clearly favor [their] position, not simply that [they are] likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  "The first factor under *Winter* is the most important," to the extent the court need not consider the remaining three elements where the plaintiff fails to show a likelihood of success on the merits.  *Id.*  Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up).  Under that formulation, "'serious questions going to the merits" and a balance of hardships that tips sharply towards the plaintiffs can support issuance of a preliminary injunction, so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest.'"[3]  *Id.* (alterations and internal

---

[3] The court observes that some district courts decline to apply the "serious questions" test in cases seeking a mandatory injunction on the basis that it is inconsistent with the heightened standard applicable to such relief.  *See Brown v. United States Forest Serv.*, 465 F. Supp. 3d 1119, 1128 n.3 (D. Or. 2020); *P.P. v. Compton Unified Sch. Dist.*, 135 F. Supp. 3d 1126, 1134-35 (C.D. Cal. 2015); *see also Garcia*, 786 F.3d at 740 ("In plain terms, mandatory injunctions should not issue in 'doubtful cases.'") (quoting *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES　　　　　　　　　　　　　　　　Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

quotation marks omitted) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

## IV.   Discussion

### A.   Plaintiffs' Motion for Preliminary Injunction

As a preliminary matter, the court finds, based on the record including the parties' oral arguments, that Plaintiffs seek a mandatory injunction. (*See, e.g.*, Dkt. 33.) "A mandatory injunction orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quoting *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996)). In contrast to a prohibitory injunction, a mandatory injunction "goes well beyond simply maintain the statute quo pendente lite and is particularly disfavored." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)) (alterations omitted). Thus, "[i]n general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" *Id.* (quoting *Anderson*, 612 F.2d at 1115). As noted above, "[t]he district court should deny such relief unless the facts and law clearly favor the moving party." *Garcia*, 786 F.3d at 740 (quoting *Stanley v. Univ. of Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)).

In this case, Plaintiffs seek to compel CHRB to act by immediately allowing the Horse to race before entry of a final judgment. *See Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) (finding plaintiffs sought a mandatory injunction because "[p]laintiffs sought to compel [d]efendant to act prior to the entry of a final judgment"). Accordingly, because Plaintiffs seek a mandatory injunction, they "must establish that the law and facts *clearly favor* [their] position, not simply that [they] are likely to succeed." *Garcia*, 786 F.3d at 740.

In sum, in order to succeed on the motion for preliminary injunction, Plaintiffs must demonstrate: (1) "the law and facts *clearly favor* [their] position," *id.*; (2) "[they are] likely to suffer irreparable harm in the absence of preliminary relief," *Am. Beverage Ass'n*, 916 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES          Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

754 (quoting *Winter*, 555 U.S. at 20); (3) "the balance of equities tips in [their] favor," *id.*; and (4) "an injunction is in the public interest,'" *id.*

    1.    *Whether the Law and Facts Clearly Favor Plaintiffs' Position*

Plaintiffs allege both federal and state constitutional violations. First, Plaintiffs allege claims under 42 U.S.C. § 1983 for violations of the First, Fifth, and Fourteenth Amendments.[4] (FAC ¶¶ 39-54.) Second, Plaintiffs allege violations of the California Constitution including: (1) unlawful delegation; (2) "unlawful underground regulation"; (3) violation of due process; (4) violation of various California constitutional rights. (*Id.* ¶¶ 56-73.) The court assesses the merits of Plaintiffs' state law claims first, then proceeds to the federal claims.

    a.    <u>State Law Claims</u>

As a preliminary matter, the court finds Plaintiffs have not sufficiently demonstrated that the facts and law clearly favor their position with respect to their asserted state law claims based on Eleventh Amendment sovereign immunity. "The Eleventh Amendment is an explicit limitation on the judicial power of the United States," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984) (quoting *Missouri v. Fiske*, 290 U.S. 18, 25 (1933)), which "deprives a federal court of the power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction," *id.* at 120. "Under the *Ex parte Young* exception to the Eleventh Amendment bar, a party may seek prospective injunctive relief against an individual state officer in her official capacity." *Doe v. Regents of Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (citing *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000)). "However, the *Young* exception does not apply when a suit seeks relief under *state* law, even if the plaintiff names an individual state official rather than a

---

[4] Although Plaintiffs plead the violations of the First, Fifth, and Fourteenth Amendment separately from the 42 U.S.C. § 1983 claim, the court construes these as part of Plaintiffs' section 1983 claims because Plaintiffs does not otherwise identify which constitutional rights they assert under section 1983.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES                        Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

state instrumentality as the defendant." *Id.* (citing *Pennhurst*, 465 U.S. at 117) (emphasis added).

In this case, Plaintiffs assert state law claims against state officials in their official capacities, or, in the alternative, as individuals. The court finds insufficient evidence demonstrating that Defendants have waived their Eleventh Amendment immunity. *Cf. id.* at 1154 ("A state's waiver of Eleventh Amendment immunity and consent to suit must be 'unequivocally expressed.'") (quoting *Pennhurst*, 465 U.S. at 99). Accordingly, the court finds Plaintiffs' state law claims against Defendants in their official capacities are barred by the Eleventh Amendment. *See id.* at 1153-54. Moreover, the court finds Plaintiffs have not demonstrated that the facts alleged against Defendants in their individual capacities clearly favor their position on these state laws claims. (*See generally* FAC.) Accordingly, given this record, the court concludes that Plaintiffs have failed to demonstrate that the law and facts clearly favor their position so as to warrant a mandatory injunction on the state law claims.

        b.     <u>Federal Claims</u>

After oral argument, the court asked the parties to prepare supplemental briefing discussing the impact of the collateral estoppel doctrines outlined in *ReadyLink Healthcare, Inc. v. State Comp. Fund*, 754 F.3d 754 (9th Cir. 2014), *Pacific Lumber Co. v. State Water Resources Control Bd.*, 37 Cal. 4th 921 (2006), and *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 869 (2010). (*See* Dkt. 34.) In response, Defendants argue that both the doctrines of collateral estoppel and judicial exhaustion apply and afford the CHRB's decision preclusive effect. (Dkt. 37 at 2-5.) Plaintiffs counter that no estoppel doctrine applies because CHRB did not decide the underlying constitutional issues and the administrative proceedings lacked a sufficiently judicial character. (Dkt. 38 at 1-3.)

"Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966)." *Doe*, 891 F.3d at 1154. "The fairness

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES                                    Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

requirements of *Utah Construction* are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994). Pursuant to that standard, the court must evaluate "the fairness of a state administrative proceeding by resort to both the underlying administrative proceeding and the available judicial review procedure." *Doe*, 891 F.3d at 1154 (citing *Olson v. Morris*, 188 F.3d 1083, 1086-87 (9th Cir. 1999)).

"Because California has adopted the *Utah Construction* standard," the court will "give preclusive effect to a state administrative decision if the California courts would do so." *Id.* at 1155 (citation omitted); *see also Miller*, 39 F.3d at 1032-33 ("So long as the minimum criteria of *Utah Construction* are met, we will defer to the considered judgment of the courts of California that an unreviewed agency determination, such as that involved here, is equivalent to a state court judgment entitled to res judicata and collateral estoppel effect."). "An administrative decision that is entitled to preclusive effect under these principles will bar federal claims, including § 1983 claims, that fall within the decision's preclusive scope." *Freeman v. City of Port Hueneme*, 800 Fed. App'x 562, 563 (9th Cir. 2020) (mem.) (citing *Doe*, 891 F.3d at 1154-55).

Under California law, the doctrine of judicial exhaustion "precludes an action that challenges the result of a quasi-judicial proceeding unless the plaintiff first challenges the decision through a petition for writ of mandamus." *Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407, 411 (2004) (citing *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000)); *see also Johnson*, 24 Cal. App.4th at 69 ("Exhaustion of *judicial* remedies, on the other hand, is necessary to avoid giving binding 'effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive *judicial* remedy for reviewing administrative action.'") (quoting *Briggs v. City of Rolling Hills Estates*, 40 Cal. App. 4th 637, 646 (1995)). "[T]he doctrine of exhaustion of judicial remedies applies where [1] 'there has been an adjudicatory, quasi-judicial decision in accordance with established public or private procedures,' and [2] 'the prior administrative proceedings

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES                                                    Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

_____

possessed the requisite judicial character such that they yielded decisions or findings that could later be given preclusive effect.'" *Alborzi v. Univ. of S. Cal.*, 55 Cal. App. 5th 155, 175 (2020) (quoting *Y.K.A. Indus., Inc. v. Redevelopment Agency of City of San Jose*, 174 Cal. App. 4th 339, 361, (2009)). Accordingly, "[a] party must exhaust judicial remedies by filing a § 1094.5 petition, the exclusive and 'established process for judicial review' of an agency decision." *Doe*, 891 F.3d at 1155 (quoting *Johnson*, 24 Cal. App. at 69).

The court first considers whether the underlying proceedings met the *Utah Construction* standard and then analyzes whether Plaintiffs have adequately demonstrated that the law and facts favor their position with respect to judicial exhaustion. First, with regard to the administrative proceedings, the court finds CHRB's adjudicatory hearing was sufficiently quasi-judicial in nature. (*See* FAC, Exh. 5 at 1.) The record before the court demonstrates that an adversarial hearing was conducted before a hearing officer and both parties were permitted to call witnesses, present evidence, and deliver oral argument in support of their positions. (*See id.* at 3.) In addition, both sides were represented by counsel and the proceedings were recorded by a court reporter. (*See id.* at 1.) Before the hearing, the parties had an opportunity to submit briefs and evidence in support of their position. (*See id.* at 2-4.) After the hearing, the hearing officer issued a proposed decision with definitive findings of fact and conclusions of law. (*See generally id.*) Procedurally, the standards for both the hearing and the appeals process are delineated by statute. *See, e.g.*, Cal. Bus. & Prof. Code § 19517(a) ("The board, upon due consideration, may overrule any steward's decision . . . if a preponderance of the evidence indicates any of the following . . . ."). The court thus finds the underlying administrative proceedings were sufficiently quasi-judicial in nature. *Cf. Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003) (finding adjudicatory hearing before CHRB was quasi-judicial for purposes of *Younger* abstention).

The subsequent opportunities for judicial review available to Plaintiffs buttress this conclusion. California Civil Procedure Code section 1094.5 authorizes parties to seek a writ of mandamus "for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES      Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer," and provides that the writ "shall be heard by the court sitting without a jury." Cal. Civ. Proc. Code § 1094.5(a). Thus, Plaintiffs could have appealed the CHRB's decision to a California Superior Court pursuant to this statute. *See, e.g.*, *San Luis Rey Racing, Inc. v. Cal. Horse Racing Bd.*, 15 Cal. App. 5th 67, 80 (2017) (writ of mandamus from CHRB decision); *Capitol Racing, LLC v. Cal. Horse Racing Bd.*, 161 Cal. App. 4th 892, 900 (2008) (same). The Ninth Circuit has previously held that "[a] §1094.5 petition for a writ of administrative mandamus provides 'an adequate opportunity for de novo judicial review.'" *Doe*, 891 F.3d at 1154 (quoting *Miller*, 39 F.3d at 1032-33). Although the availability of judicial review alone is not dispositive of a proceeding's quasi-judicial nature, the court finds that Plaintiffs' ability to seek judicial review of the contested decision in conjunction with the aforementioned hearing procedures indicates that the administrative proceedings were sufficiently quasi-judicial in nature. *See Murray v. Ala. Airlines*, 50 Cal. 4th 860, 867 (2010) (discussing attributes of a quasi-judicial proceeding); *Miller*, 39 F.3d at 1033-34 (same).

Second, the court finds that Plaintiffs had an adequate opportunity to litigate their federal claims before the CHRB and could have litigated these claims before a California superior court but failed to do so. The court observes that the gravamen of Plaintiffs' FAC challenges the decision of the state administrative agency. (*See, e.g.*, FAC ¶¶ 42, 44-46, 47.) In particular, the court notes that Plaintiffs raised their First, Fifth, and Fourteenth Amendment claims before CHRB, (*see, e.g.*, Mot, Exh. 12 at 13-17), and the hearing officer addressed those claims, (Mot., Exh. 10 at 13-17). Accordingly, the court concludes that the claims at issue here fall within the claim-preclusive scope of the administrative decision because the decision rested upon the same primary rights. *See Freeman*, 800 Fed. App'x at 563 (affirming district court's application of judicial exhaustion to plaintiff's 1983 claim where claim rested on "the same primary right . . . that was at stake in the administrative proceeding"); *cf. Johnson*, 24 Cal. 4th at 69-70 ("[U]nless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES                                                Date: February 7, 2023
Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

Thus, the court finds the state administrative proceedings were sufficiently quasi-judicial and presented both adequate opportunities to raise the claims at issue and to seek judicial review of the administrative agency's determination so as to meet the fairness requirements of *Utah Construction*. *See Miller*, 39 F.3d at 1033.

Finally, the court notes that the time for Plaintiffs to file a § 1094.5 petition has lapsed. "Section 19463 requires a party to commence a legal action challenging any final administrative action of the CHRB within 30 days of the board's action." *See San Luis Rey Racing*, 15 Cal. App. 5th at 80 (citing *Capitol Racing*, 161 Cal. App. 4th at 900). Here, CHRB issued its final decision on September 15, 2022. (FAC ¶ 20.) Thus, Plaintiffs were required to file any writ of mandamus pursuant to § 1094.5 by October 15, 2022. It is undisputed that Plaintiffs did not file a § 1094.5 petition in state or federal court.[5] (*See id.*; Opp. at 2.) Because Plaintiffs did not so file, CHRB's decision with respect to Plaintiffs became final and entitled to binding effect on October 15, 2022. *See Johnson*, 24 Cal. App. at 69-70. Accordingly, the court concludes that because the underlying administrative proceedings were sufficiently quasi-judicial in nature and Plaintiffs failed to challenge the result of those proceedings, Plaintiffs' federal claims are now precluded by judicial exhaustion. *Gupta*, 124 Cal. App. 4th at 411.

As a result of Plaintiff's failure to exhaust their applicable judicial remedies, the court finds Plaintiffs have failed to demonstrate that the law and facts clearly favor their position with respect to their First, Fifth, and Fourteenth Amendment claims as well.

/ / /

---

[5] Although § 1094.5 does not require that Plaintiffs file a writ of mandamus petition in state court, in this case, as discussed above, the Eleventh Amendment would bar Plaintiffs from filing such a petition in federal court because it constitutes a state law claim. *See Doe*, 891 F.3d at 1153 ("Those Eleventh Amendment principles require dismissal of Doe's § 1094.5 writ petition, which is a state law claim.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01893-FWS-KES                      Date: February 7, 2023

Title: Jerry Jamgotchian *et al.* v. Gregory L. Ferraro *et al.*

        *2.*       *Summary*

In sum, Plaintiffs have not demonstrated that the law and facts clearly favor their position for either their state or federal claims. The court reiterates that "[t]he first factor under *Winter* is the most important," to the extent the court need not consider the remaining three elements where the plaintiff fails to demonstrate the law and facts clearly favor their position. *Garcia*, 786 F.3d at 740. Accordingly, because Plaintiffs have not adequately met their burden with respect to the first *Winter* factor and "the district court should deny [a request for mandatory injunction] unless the facts and law clearly favor the moving party," *id.* (quoting *Stanley*, 13 F.3d at 1320), the court **DENIES** Plaintiffs' Motion.

**V.**     **Disposition**

For the reasons stated above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                          Initials of Deputy Clerk: mku